**4**

TALGE MAHOGANY COMPANY et al., Appellants, v. Freeman HATFIELD, Master of the British Schooner Cashier, Appellee. (Circuit Court of Appeals, Fifth Circuit. February 5, 1925.) No. 4409. Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge. James A. Leathers, of Gulfport, Miss., for appellants. W. A. White, of Gulfport,

Miss. (Hanun Gardner, of Gulfport, Miss., on the brief), for appellee. Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that the Talge Mahogany Company, hereinafter referred to as the appellant, entered into a charter party whereby the British schooner Cashier was hired to transport a cargo of mahogany logs from Axim, on the west coast of Africa, to the city of Gulfport, Miss. The charter provided for 15 lay days for loading and 12 lay days for discharging, and for $250 per day demurrage. The vessel arrived at Axim on July 3, 1920, and her captain reported to the agent of the appellant that she would be ready to load cargo on July 5th, which was a Monday. The loading at Axim was completed on August 31st, and the master contended for 41 days' demurrage at $250 per day. After some controversy between the master and the agent of the appellant, a notation was made on the back of the bill of lading for the cargo in the following language; "Lay days ended July 21, 1920. Demurrage commenced July 22, 1920. Loading completed August 31, 1920." The District Court rendered judgment in favor of the vessel for 41 days' demurrage, at $250 per day, aggregating the sum of $10,250, and allowed interest thereon at the rate of 6 per cent. per annum from September 1, 1920, to the date of judgment. From that judgment this appeal is prosecuted. It is the contention of appellant that the District Court should have found that the vessel was not seaworthy for the voyage, in that she was insufficiently equipped with loading tackle, and that the delay was caused by this alone. In support of this contention, the appellant relies upon a letter written by the captain to Wolf, appellant's agent at Axim, which would tend to show that the vessel had not sufficient equipment. The captain in his testimony explains the writing of the letter, and, although additional equipment was furnished by the said agent, it also clearly appears that it was not needed, and it was not used; the original equipment on the vessel being sufficient. Appellant also seeks to evade the conclusion to be reached from the annotation on the bill of lading above referred to. We think the evidence fully sustains the judgment of the District Court, and that the judgment was right. Affirmed.